UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC GRAHAM ET AL.                                    CIVIL ACTION

VERSUS

REPUBLIC FIRE AND CASUAL                              NO.: 17-00505-BAJ-EWD
INSURANCE COMPANY ET AL.

## RULING AND ORDER

Before the Court is the **Motion for Judgment on the Pleadings (Doc. 16)** filed by Defendant American Bankers Insurance Company of Florida ("American Bankers"), seeking the dismissal of all claims filed by Plaintiffs Eric Graham and Caroline Graham ("Plaintiffs"). For the reasons explained herein, the **Motion for Judgment on the Pleadings (Doc. 16)** is **DENIED IN PART** and **GRANTED IN PART**.

I. BACKGROUND

Plaintiffs reside in Baton Rouge, Louisiana. (Doc. 21 at p. 1) Their home is characterized by a pier and beam construction with crawl spaces underneath. (*Id.*) American Bankers issued Plaintiffs a flood insurance policy on their home from May 16, 2016 to May 17, 2017. (Doc. 1-1 at p. 4) Republic Fire and Casualty Insurance Company ("Republic"), a codefendant in this case, is an insurance company which issued Plaintiffs a homeowner's insurance policy on their home from August 2, 2016 to August 2, 2017. (*Id.*)

American Bankers issued Plaintiffs' flood insurance policy under the National Flood Insurance Program ("NFIP"), which Congress created pursuant to the National Flood Insurance Act ("NFIA") of 1968. (Doc. 16-1 at p. 2). The NFIP allows an individual to purchase a Standard Flood Insurance Policy ("SFIP") either directly from the Federal Emergency Management Agency ("FEMA") or from private insurance companies. (*Id.* at 3). These private insurance companies are known as "Write Your Own" ("WYO") carriers and are authorized by federal regulation to sell SFIPs under their own names. (*Id.*) The terms of an SFIP are standardized and codified in the federal regulations. 44 C.F.R. pt.61, app. A(1). As such, all flood insurance policies issued by WYO companies, including American Bankers, are identical to the terms of the SFIP. (Doc. 16-1 at p. 3) The United States Treasury pays out all SFIP claims as well as the costs involved in the adjustment of such claims. (*Id.*)

Plaintiffs assert that Baton Rouge suffered historic flooding and moisture due to heavy rainfall starting on August 12, 2016. (Doc. 1-1 at p. 5) During this flood, surface water allegedly accumulated underneath their home. (Doc. 21 at p. 1) On or about August 21, 2016 the original wood floods in Plaintiffs' home allegedly began to buckle, which resulted in warped floors rising over five inches in certain locations. (*Id.*) Plaintiffs claim that on or about September 2, 2016, they timely noticed both American Bankers and Republic. (Doc. 1-1 at p. 5) American Bankers denied Plaintiffs' claim for damages to the floor because its investigation did not "identify evidence of a general condition of flood, nor direct flood damage to their home." (*Id.*) Plaintiffs appealed American Bankers' decision to FEMA, which denied their claim

2

on the same basis. (*Id.*) In contrast, Republic denied Plaintiffs coverage because the damaged appeared to result from "high moisture levels from flood or surface water" beneath the home. (*Id.*) Plaintiffs then sued both American Bankers and Republic for breach of contract and violation of Louisiana bad faith insurance statutes. (Doc. 1-1 at p. 8)

II. **LEGAL STANDARD**

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In deciding whether the complaint states a valid claim for relief, [courts] accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Courts, however, will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting, *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). A court may grant a motion for judgment on the pleadings only if "there are no disputed issues of material fact and only questions of law remain." *Brittan Communications Intern. Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002).

## III. DISCUSSION

### A. Breach of Contract Claim

#### *1. Plaintiffs' Allegation Regarding the Occurrence of a Flood*

American Bankers argues that Plaintiffs have not sufficiently alleged that they experienced a flood that damaged their floors, which precludes the SFIP from covering their loss. (Doc. 16-1 at p. 8) The Court disagrees. The SFIP defines "flood" as the "partial or complete inundation of two or more acres of normally dry land area or of two or more properties from . . . unusual and rapid accumulation or runoff of surface waters from any source." (Doc. 16-1 at p. 6). Plaintiffs allege that East Baton Rouge Parish experienced historic flooding from August 12 to August 14, 2016. (Doc. 1-1 at p. 5). American Bankers correctly points out that this alone is not sufficient to allege a claim of flooding specific to Plaintiffs' property. (Doc. 16-1 at p. 9). However, Plaintiffs also allege that during this event, surface water accumulated under their house and in their yard. (*Id.*) Moreover, while Plaintiffs do not specifically allege that the surface water covered two or more properties or acres of land, the Court finds that it is not required to do so under the federal pleading standard. (*Id.*) As Plaintiffs correctly point out, the Federal Rules of Civil Procedure utilize a "simplified notice pleading standard" that "relies on liberal discovery rules." *Twombly*, 550 at 585. "A complaint need not set out detailed factual allegations." *Id.* at 555. Thus, the Court finds Plaintiffs' alleged facts sufficient to state a plausible claim that flooding occurred on their property.

4

Furthermore, because American Bankers denies the occurrence of a flood, it is a disputed material fact that cannot be resolved at this stage in the litigation. (Doc. 10 at p. 3) The Court must allow discovery to proceed on the extent of the accumulation of water and, ultimately, whether flooding occurred as defined by the SFIP.

### 2. *Direct Physical Loss From or By Flood*

American Bankers argues that even if Plaintiffs have appropriately alleged that a flood occurred, they have failed to sufficiently allege that the damage to their floors was a direct physical loss from the flood, which is also required by the SFIP. (Doc. 16-1 at p. 10) American Bankers asserts that although Plaintiffs allege that the accumulation of surface water underneath their home caused the floors to buckle, Plaintiffs admit that the water never rose to the height of the elevated floor. (*Id.*) Thus, American Bankers argues that it is impossible for the water to have "directly caused" the floor damage. (*Id.*) American Bankers cites case law that it asserts supports the argument that the water level had to reach the floors of Plaintiffs' home to cause direct damage. (*Id.*) The Court finds the cited authority to be unpersuasive.

First, American Bankers cites *Gallup v. Omaha Property and Cas. Ins. Co.* in support of its argument. In *Gallup,* the plaintiff's engineer determined that a flood on the plaintiff's property damaged their home's structural integrity. *Gallup v. Omaha Property and Cas. Ins. Co.*, 282 Fed. Appx. 317, 319 (5th Cir. May 29, 2008) In contrast, the insurance company's engineer stated that the flood only damaged the soil underneath the home, although the engineer did recommend repairs to the

structural integrity of the home. *Id.* The United States Court of Appeals for the Fifth Circuit affirmed the district court's factual finding that the home's structural damage did not directly result from flooding on the property. *Id.* at 20. However, the dispute in the case was not whether the damage to the home's structural integrity, assuming it was caused by the flood, qualified as "direct damage" under the SFIP. Rather, the dispute was over whether the damage to the home's structural integrity was caused by the flood at all. *See id.* ("although there was conflicting evidence at trial as to the structural integrity of [the property] after [the flood], weighing the credibility of conflicting witness testimony is the responsibility of the district court"). Thus, the *Gallup* decision does not inform what constitutes "direct damage" under the SFIP as American Bankers argues it does. (Doc. 16-1 at p. 10) For this reason, the Court finds the decision inapplicable to the instant motion.

Second, American Bankers cites *Davis v. Nationwide Mut. Fire Ins. Co.*, where the district court granted summary judgment against the plaintiff's SFIP breach of contract claim. *Davis v. Nationwide Mut. Fire Ins. Co.*, 811 F. Supp. 2d 1240, 1259 (E.D. Va. Sept. 9, 2011). There, the plaintiff sustained flood damage to the bottom portion of drywall in his garage. *Id.* at 1254–1255. The Court found that because the SFIP only covered property located above the house's first elevated level, the top portion of the drywall was insured, but the bottom portion was not. *Id.* The plaintiff argued that because the entire piece of drywall had to be replaced due to the damage to the bottom, the top had suffered damage as well. *Id.* The Court held that because the top portion of the drywall only had to be replaced because of the physical damage
6

to the bottom, the top experienced "indirect damage" rather than "direct" damage. *Id.* *Davis* can be distinguished from the alleged facts in this case. Unlike the insured property at issue in *Davis*, the top portion of drywall, Plaintiffs' floors allegedly underwent true physical damage in the form of warping. (Doc. 1-1 at p. 5). Thus *Davis's* interpretation of "indirect" versus "direct" damage is inapplicable to Plaintiffs' alleged facts.

The Court has found no other cases in this Circuit that preclude a plaintiff from recovering under the SFIP for damage to floors resulting from flooding underneath a raised home. As such, the Court finds that Plaintiffs have alleged sufficient facts to state a plausible claim that flooding caused direct damage to Plaintiffs' floors. As stated previously, Plaintiffs' floors allegedly warped up to five inches in several places. (Doc. 1-1 at p. 6) This allegedly occurred shortly after East Baton Rouge Parish flooded and surface water accumulated underneath their home. (*Id.*)

Moreover, American Bankers disputes the causal relationship between the accumulation of surface water and damage to Plaintiffs' floors. (Doc. 16-1 at p. 10) Thus, the causal relationship is a disputed issue of material fact. Accordingly, the Court must allow discovery to proceed on the issue.

### 3. *Contiguous Coverage Between Republic and American Bankers*

American Bankers argues that Plaintiffs' assertion that their floor damage must be covered either by their homeowners insurance policy through Republic or their flood insurance policy through American Bankers is invalid. (Doc. 16-1 at p. 11)

It asserts that Plaintiffs may only recover under their flood insurance policy if they independently meet the criteria of the SFIP. (*Id.* at 12) Because the Court finds that Plaintiffs have sufficiently alleged that they meet the SFIP requirements to recover for the floor damage, it is unnecessary to address this argument.

### B. Extra-Contractual and State Law Claims

American Bankers seeks the dismissal of all extra-contractual and state law claims. (Doc. 16-1 at p. 14) In a typical breach of contract action, a plaintiff can recover extra-contractual damages, which are damages based on bad faith outside the scope of the contract. *See, e.g., Rizzuto v. Allstate Insurance Company*, 07–4426, 2009 WL 10680166, *at 2 (E.D. La. Feb. 12, 2009). Plaintiffs seeks such damages based on American Bankers' alleged violations of La. R.S. 22:1892 and La. R.S. 22:1973. (Doc. 1-1 at p. 11). La. R.S. 22:1892 provides that if an insurer's failure to pay a claim is "arbitrary, capricious, or without probable cause," the insurer is subject to a penalty beyond the amount found to be due pursuant to the insurance contract. La. R.S. 22:1973 imposes a duty of good faith and fair dealing on insurers and provides for penalties for a breach of this duty.

The Court agrees with American Bankers that Plaintiffs' claims based on the Louisiana statutes are not viable. Courts in this Circuit have consistently held that federal law preempts all state law claims that arise under federal flood insurance policies. *E.g., Wright v. Allstate*, 500 F.3d 390, 397–98 (5th Cir. 2007). *See also Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341, 345 (5th Cir. 2005) (denying plaintiff's SFIP claim for bad faith extra-contractual penalties under LA.

CIV. CODE art. 1997). Accordingly, Plaintiffs' claims based on La. R.S. 22:1892 and La. R.S. 22:1973 are dismissed.

### C. Request for a Jury Trial

American Bankers moves to deny Plaintiffs' request for a jury trial on all issues. (Doc. 1-1 at p. 12). As stated previously, Plaintiffs' breach of contract claim under the SFIP is the only remaining claim. "A plaintiff is only entitled to a trial by jury relating to cases involving United States Treasury funds when Congress has affirmatively and unambiguously granted such a right to the plaintiff by statute." *Versai Management Corp. v. Standard Fire Ins. Co.*, No. 06-4838, 2007 WL 184884, at *2 (E.D. La. Jan. 22, 2007) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). Federal courts have consistently held that the NFIP does not "affirmatively and unambiguously" grant a plaintiff the right to a trial by jury. (*Id.*) Accordingly, Plaintiffs' request for a trial by jury on the SFIP breach of contract claim is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that American Bankers' **Motion for Judgment on the Pleadings (Doc. 16)** is **DENIED IN PART** and **GRANTED IN PART**.

Baton Rouge, Louisiana, this 26th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**