UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC GRAHAM ET AL.  CIVIL ACTION

VERSUS

REPUBLIC FIRE AND CASUAL  NO.: 17-00505-BAJ-EWD
INSURANCE COMPANY ET AL.

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 29)** filed by Defendant Republic Fire and Casualty Insurance Company ("Republic") and the **Cross Motion for Summary Judgment (Doc. 32)** filed by Plaintiffs Caroline Graham and Eric Graham ("Plaintiffs"). For the reasons explained herein, the **Motion for Summary Judgment (Doc. 29)** is **GRANTED IN PART** and **DENIED, without prejudice, IN PART**. The **Cross Motion for Summary Judgment (Doc. 32)** is **DENIED, without prejudice.**

I. BACKGROUND

Plaintiffs reside in Baton Rouge, Louisiana in a home constructed on piers and beams with crawl spaces underneath. (Doc. 32-2 at p. 3) Between August 12 and August 14 of 2016, East Baton Rouge Parish experienced unprecedented rainfall and flooding. (Doc. 32-2 at p. 3). During this time period, Plaintiffs possessed a homeowners insurance policy with Republic and a flood insurance policy with

American Bankers Insurance Company of Florida ("American Bankers"). (Doc. 32-2 at pp. 1-2)

Plaintiffs' flood insurance policy was a Standard Flood Insurance Policy ("SFIP") provided by American Bankers under the National Flood Insurance Program ("NFIP"). Congress created the NFIP pursuant to the National Flood Insurance Act ("NFIA") of 1968. (Doc. 16-1 at p. 2) The NFIP allows an individual to purchase a Standard Flood Insurance Policy ("SFIP") either directly from the Federal Emergency Management Agency ("FEMA") or from private insurance companies. (*Id.* at 3) These private insurance companies are known as "Write Your Own" ("WYO") carriers and are authorized by federal regulation to sell SFIPs under their own names. (*Id.*) The terms of an SFIP are standardized and codified in the federal regulations. 44 C.F.R. pt.61, app. A(1). As such, all flood insurance policies issued by WYO companies, including American Bankers, are identical to the SFIP. (Doc. 16-1 at p. 3)

Plaintiffs assert that during the August 2016 rainfall, surface water accumulated underneath their home. On or about August 21, 2016, the original wood floors in Plaintiffs' home allegedly began to buckle, which resulted in warped floors rising over five inches in certain locations. (*Id.*) Plaintiffs claim that on or about September 2, 2016, they timely notified both American Bankers and Republic. (Doc. 1-1 at p. 5)

American Bankers denied Plaintiffs' claim because its investigation did not "identify evidence of a general condition of flood, nor direct flood damage to their home." (*Id.*) The SFIP only covers "direct physical loss by or from flood." (Doc. 32-8 at p. 8) The policy defines "flood" as "a general and temporary condition of partial or

2

complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is the insured's) from . . . unusual and rapid accumulation or runoff of surface waters from any source." (*Id.* at 4) Plaintiffs appealed American Bankers' decision to FEMA, which denied their claim on the same basis. (*Id.*)

Republic also denied Plaintiffs coverage; however it did so for the opposite reason. Republic asserted that the damage resulted from "high moisture levels from flood or surface water" beneath the home. (*Id.*) Republic's policy excludes "loss caused directly or indirectly by. . . water." (Doc. 32-6 at p. 14) Water includes "flood [and] surface water." (*Id.*)

After American Bankers and Republic denied Plaintiffs' claim, Plaintiffs sued both insurance companies for breach of contract and violations of Louisiana bad faith insurance statutes. (Doc. 1-1 at p. 8)

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the

credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### III. DISCUSSION

#### A. Plaintiffs' Breach of Contract Claim against Republic

##### 1. *Contiguous Insurance Coverage*

Plaintiffs essentially argue that their insurance policies are contiguous; therefore, the floor damage must be covered either by their flood insurance policy as

flood damage or their homeowners insurance policy as non-flood damage.[1] (Doc. 32-2 at p. 15). However, Republic rightfully points out that that the explicit terms of the homeowners insurance policy does not support this argument. Louisiana law states that "an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." *Williams v. Employers Mut. Cas. Co.*, 13-499-JJB-RLB, 2014 WL 2197067, at *2 (M.D. La. May 27, 2014). Furthermore, "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE. art. 2046 (1987). Plaintiffs' homeowners insurance policy states that "Flood insurance *may be available* through the National Flood Insurance Program . . . [and]. . . *may* provide coverage for damage to [Plaintiffs'] dwelling" (Doc. 29-1 at p. 134). This language is clear and unambiguous. The use of "may" indicates that Republic does not guarantee that the NFIP will cover water damage to an insured party's home. Therefore, for Plaintiffs to recover from Republic, the damage must fall within the coverage specified by the homeowners insurance policy itself.

### 2. *Cause of Damage to Plaintiffs' home*

Both Plaintiffs and Republic assert that there are no material facts in dispute as to the cause of the floor damage and thus move for summary judgment. Plaintiffs

---

[1] Although the Court is sympathetic to Plaintiffs' argument, it finds this to be an inaccurate dichotomy. The SFIP covers direct physical loss resulting from flood. (Doc. 16-1 at p. 10) In contrast, Republic's policy excludes almost all water damage, whether it is caused by flood and whether it is direct damage. (Doc. 32-6 at p. 14) Thus, logically, a gap in coverage could exist where Plaintiffs suffer indirect water damage uninsured by Republic, which also does not qualify as direct flood damage under the SFIP.

5

assert that it is uncontested that the damage resulted from water vapor emanating from the surface water that accumulated underneath their home during the August 2016 rainfall. (Doc. 32-2 at p. 2) However, Republic explicitly denies this, referring to it as a "conclusory" statement that does not have any evidentiary support. (Doc. 39 at p. 5). Republic only admits that this is the theory on which Plaintiffs seek to recover. (*Id.*) Republic argues that even assuming Plaintiffs' theory to be true, water vapor rising from surface water underneath the home also constitutes surface water. (Doc. 29-1 at p. 11) Republic further argues that because the homeowners insurance policy excludes surface water damage, summary judgment should be granted against Plaintiffs. (*Id.*)

The Court finds that a dispute of material of fact exists regarding the cause of Plaintiffs' floor damage. First, as stated previously, even though Republic is willing to assume that Plaintiffs' theory regarding the water vapor is true, it still denies that this is how the damage occurred. Republic even points out that the parties have not conducted discovery in this matter. (Doc. 39 at p. 5) Second, other facts in the record controvert Plaintiffs' theory. For instance, American Bankers' adjuster interviewed Plaintiffs' neighbor, who denied that either of their properties flooded. (Doc. 32-16 at p. 2). American Bankers' adjuster also found that Plaintiffs' property is located at one of the highest elevations in the Parish and that none of the other properties in the area suffered flood damage. (*Id.*) Moreover, Plaintiffs' floors began to warp a full week after the rains had stopped. All of these facts cast doubt on whether the mid-August 2016 rains were the sole cause of the warping. (*Id.* at 2) With such conflicting evidence in the record, a genuine issue of fact exists as to the cause of Plaintiffs' floor damage.

The Court cannot determine whether Plaintiffs' damage falls under the homeowners insurance policy as a matter of law without determining the cause. Accordingly, summary judgment on the breach of contract claim for both parties is denied without prejudice to re-filing at a later time.

    **B.    Plaintiffs' Bad Faith Claims Against Republic**

        *1.    La. R.S. 22:1973*

La. R.S. 22:1973 provides that an insurer owes the insured party a duty of good faith and fair dealing. La. R.S. 22:1973(A). An insurer is in breach of the statute if the insurer knowingly failed to pay a claim within "sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R.S. 22:1973(B)(5).

The Court agrees with Republic that Plaintiffs have not cited sufficient facts that support a finding that Republic acted in bad faith or denied Plaintiff's claim in an arbitrary manner. The most that Plaintiffs claim is that Republic's adjuster did not go underneath the house to inspect the floors. (Doc. 32-15 at p. 9). This alone is insufficient to support a finding of bad faith and arbitrary denial. Moreover, other facts support a finding that Republic made reasonable efforts to evaluate Plaintiffs' claim. Republic sent an adjuster to the property eight days after Plaintiffs filed the claim, and the adjuster determined that the damage was caused by flood. (*Id.*) This was reasonable in light of the historic rains Baton Rouge had experienced a few weeks earlier. Flood damage is not covered under Republic's policy and thus, the company had a good-faith basis to deny the claim. Accordingly, Republic's motion for summary

7

judgment regarding Plaintiffs' claims under La. R.S. 22:1973 is granted and Plaintiffs' claim is dismissed.

### 2. *La. R.S. 22:1892*

La. R.S. 22:1892 similarly provides for penalties when the claimant establishes that the insurer received satisfactory proof of loss, failed to pay the claim, and that such a failure was "arbitrary and capricious." La. R.S. 22:1892(B)(1). However, as Republic correctly points out, the statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good faith. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2013) (citing *Ruddoff v. Louisiana Health Services and Indemnity* Co. 385 So. 2d 767, 771 (La. 1980)). As stated previously, Plaintiffs have not presented sufficient facts to indicate bad faith. Accordingly, Republic's motion for summary judgment regarding La. R.S. 22:1892 is granted and Plaintiffs' claim is dismissed.

### C. Plaintiffs' Breach of Contract Claim Against American Bankers

Plaintiffs move for summary judgment against American Bankers. The Court previously dismissed all extra-contractual and state law claims against American Bankers. (Doc. 45) Thus, only Plaintiffs' breach of contract claim against American Bankers survives. The primary issues in Plaintiffs' breach of contract claim are the cause of the damage to Plaintiffs' floors and whether such cause can be classified as a flood under the terms of the SFIP.[2]

---

[2] As stated previously, the Court rejects Plaintiffs argument that should the Court find that the Republic policy does not cover the damage, the SFIP must instead cover it. The Fifth Circuit has

8

Plaintiffs assert that it is undisputed that vapors from surface water underneath caused the wooden flooring to buckle. (Doc. 32-2 at p. 1) However, the extent of water accumulation and whether such water caused Plaintiffs' floor damage is precisely what American Bankers disputes. (Doc. 16-1 at p. 7, 10) Moreover, the record is replete with ambiguity as to the extent of the water accumulation on Plaintiffs' property. (Doc. 32-16 at p. 4) As stated previously, American Bankers' adjuster interviewed Plaintiffs' neighbor, who indicated that there was no flooding on either of their properties. (*Id.*) The adjuster also did not find a flood waterline on Plaintiffs' building. In contrast, Republic's adjuster stated that the damage was caused by moisture or flood. (*Id.*) Furthermore, it is also unclear from the record whether any accumulated surface water inundated two or more acres or two or more properties as is required under the SFIP. (Doc. 16-1 at p. 6) Finally, American Bankers also disputes whether any accumulated surface water directly caused Plaintiffs' damage. (Doc. 34 at p. 10) Therefore, the Court must give both parties the opportunity to present evidence as to the extent of the water accumulation under and around Plaintiffs' home as well as the impact, if any, such water had on Plaintiffs' floors. Accordingly, Plaintiffs' cross motion for summary judgment against American Bankers on the breach of contract claim is denied without prejudice to re-filing at a later time.

---

repeatedly emphasized that the provisions of an insurance policy issued pursuant to the NFIP must be strictly construed and enforced. E.g., *Roussell v. Allstate Ins. Co.*, 26 F. Supp. 3d 552, 558–59 (5th Cir. 2014) (citing *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Accordingly, policyholders cannot recover under the SFIP unless their damage falls under what is explicitly covered under the terms of the policy.

## IV. CONCLUSION

Accordingly,

The **Motion for Summary Judgment (Doc. 29)** is **GRANTED IN PART** and **DENIED, without prejudice, IN PART**. The **Cross Motion for Summary Judgment (Doc. 32)** is **DENIED, without prejudice.**

Baton Rouge, Louisiana, this 26th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**