UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC GRAHAM AND CAROLINE PRIES GRAHAM | CIVIL ACTION |
| VERSUS | |
| REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY, ET AL. | NO: 17-CV-00505-BAJ-EWD |

## RULING AND ORDER

Before the Court is Defendant American Bankers Insurance of Florida's **Motion for Summary Judgment (Doc. 47)**. Plaintiffs filed an opposition to the motion (Doc. 48). Oral argument is not required. For the reasons stated below, the motion is **GRANTED**.

I.  FACTUAL HISTORY

This matter arises from circumstances surrounding the historic flooding that occurred in Baton Rouge in August, 2016. Eric Graham and Caroline Pries Graham claim that their floors were damaged by the floods. (Doc. 1-1 at p. 5). Plaintiffs allege that Republic Fire and Casualty Insurance[1] provided insurance coverage for damages not caused by "flood" and that Bankers[2] provided insurance coverage for damages that were caused by "flood." (Id.). Plaintiffs allege that they notified both Bankers and Republic of the damage and made claims for coverage, but that both companies

---

[1] The Republic policy became effective date on May 16, 2016. (Doc. 1-1 at p. 7).

[2] The Bankers policy became effective date on August 2, 2016. (Doc. 1-1 at p. 8).

1

denied coverage on separate grounds: Bankers claimed it could find no evidence of direct flood damage; Republic claimed the damage was caused by the evaporation of flood water under the floorboards, which constituted flood damage. (Id.). Plaintiffs claim that at the time of the filing of the complaint, the floors had gone unrepaired for ten months because neither company would accept responsibility for covering the damage. (Id.). Plaintiffs bring claims of breach of contract and bad faith against both Republic and Bankers. (Id. at pp. 6-9).

Bankers claims that Plaintiffs failed to timely file a Proof of Loss affidavit before filing their claim, as required by National Flood Insurance Program. (Doc. 47-1). Therefore, Bankers asserts that it is not statutorily obligated to pay Plaintiffs' claims pursuant to 44 C.F.R. § Pt. 61, App. A(1), Art. VII(J).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.

1994)). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

Bankers claims that it issued Plaintiffs a Standard Flood Insurance Policy ("SFIP"), pursuant to the terms of the "Write Your Own"[3] program promulgated by the National Flood Insurance Program ("NFIP"). (Doc. 47-1 at p. 4). The SFIP as set forth in 44 C.F.R. pt. 61, App. A(1), Art. VII(J) provides in relevant part:

> In case of a flood loss to insured property, you must:

---

[3] The "Write Your Own" program allows private insurers, under their own names, to issue SFIPs as set forth by 44 C.F.R. § 62.23

3

1. Give prompt written notice to us;

2. As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;

3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;

4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

    [ . . . ]

    f. Specifications of damaged buildings and detailed repair estimates;

    [ . . . ]

    i. The inventory of the damaged personal property described in J.3. above.

    [ . . . ]

7. The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.

Bankers argues that Plaintiffs alleged their property suffered damage on August 21, 2016, and that the adjuster extend the deadline by which to file the Proof of Loss. (Id. at p. 8). Bankers claims that no Proof of Loss documentation was ever filed. (Id.). Plaintiffs argue that the lawsuit filed on June 30, 2017 substantially complied with the Proof of Loss requirements, and do not argue that they submitted any other document that by itself could be considered compliant with the Proof of

4

Loss requirement. (Doc. 48 at p. 1).

Bankers claims that the Proof of Loss documentation was required to have been filed prior to the filing of any lawsuit. Bankers argues that the information contained in the lawsuit cannot be considered to be the Proof of Loss documents required under the SFIP. Bankers also asserts that even if the Court is inclined to conclude that the Proof of Loss submission requirement could be met by the documents attached to a party's verified petition for damages, certain required information was still not provided.

The Court need not reach the question of whether the Proof of Loss requirements were met by Plaintiff's verified petition for damages. Even if documents and pleadings accompanying a lawsuit may be considered Proof of Loss, Plaintiffs still have not provided all of the requisite information under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J). Pursuant to the terms of the SFIP, a lawsuit may not be commenced until the Proof of Loss documentation is submitted:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy. 44 C.F.R. § Pt. 61, App. A(1).

Where federal funds are implicated, persons seeking such funds are obligated to familiarize themselves with the legal requirements for receipt of those funds. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005). Under FEMA

regulations, strict adherence is mandated for all requirements of the SFIP. 44 C.F.R. §§ 61.13(a). As noted, Plaintiffs were required to provide, among other things, detailed repair estimates and an inventory of damaged personal property. In a letter dated September 16, 2016, Plaintiffs allege that the "repair work will exceed $20,000.00;" however, no specific information was provided about what those repair costs entailed. (Doc. 1-1 at p. 141). In their initial disclosures, Plaintiffs allege that they are seeking "$50,000 to repair and replace the flooring at issue, along with storage costs, associated rental and moving fees" (Doc. 48-4 at p. 12), but again, do not provide further information.

Despite a thorough review of the record, the Court cannot identify any document that may be considered to be both a sworn or certified statement *and* a detailed description of repair costs, as required by the policy. Although there is no binding precedent setting criteria for what constitutes a "detailed estimate,"[4] the Court finds that the statement that "repair work will exceed $20,000.00" alone does not meet such standard, as there are no details provided to Bankers to permit a reasonable evaluation of the claim. *Copeland v. Fed. Emergency Mgmt. Agency*, No. 03-2704, 2004 WL 325577 at *1, *3 (E.D. La. Feb 18, 2004) (holding that any Proof of Loss statement must provide enough information for FEMA to evaluate the merits of the claim). Further, the statement provided in the initial disclosures similarly lacks specificity and was not presented in the form of a sworn statement.

---

[4] *Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 396 (5th Cir. 2009) (finding that a clear line has not been drawn in this Circuit between what is and what is not sufficient detail for the repair estimate).

Other than documents attached to the Verified Petition, Plaintiffs do not claim to have filed any document styled "Proof of Loss" that fully complies with the requirements of the SFIP. This deficiency was noted by the Federal Emergency Management Agency Federal Insurance Mitigation Administration Appeals Board in its decision on Plaintiffs' appeal of Bankers' and Republic's denial of coverage when it found that "[t]he policy holder has not submitted a Proof of Loss to the insurer, or anything showing that, in fact, a General Condition of Flooding occurred at the building." (Doc. 1-1 at p. 204). This Court agrees. Even when inferences are taken in the light most favorable to Plaintiffs, they have not established compliance with the requirement of the SFIP.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Bankers' Motion for Summary Judgment (Doc. 47) is **GRANTED**.

Baton Rouge, Louisiana, this 20th day of August, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**